UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL A. SORTISIO,

                Plaintiff,        **REPORT AND RECOMMENDATION**

v.                                            1:17-cv-00479-LJV-JJM

COMMISSIONER OF SOCIAL
SECURITY,[1]

                Defendant.
_____

        Before the court is plaintiff's amended motion [24][2] for attorneys' fees in the amount of $11,292.79 pursuant to 42 U.S.C. §406(b), which has been referred to me by District Judge Lawrence J. Vilardo [7]. Defendant filed a response on April 23, 2020 [25], and raised no objections to plaintiff's fee request. On April 29, 2020, plaintiff filed a letter [26] waiving his opportunity to submit a reply. This motion is now fully submitted. For the reasons discussed below, I recommend that the court grant the plaintiff's motion.

**BACKGROUND**

        Plaintiff commenced this action on May 30, 2017, arguing that the Commissioner's denial of his claim for benefits was not supported by substantial evidence and was contrary to law. Complaint [1]. On December 18, 2017, plaintiff moved for judgment on the pleadings [9]. Defendant stipulated to a remand [10], which was ordered by the court [11].

---

[1]     Andrew M. Saul was sworn in as Commissioner of Social Security on June 17, 2019, and is automatically substituted as the defendant in this action. *See* Fed. R. Civ. P. ("Rule") 25(d).

[2]     Bracketed references are to CM/ECF docket entries.

On April 16, 2018, the court approved [16] the parties' stipulation [15] for attorneys' fees in the amount of $5,473.01 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412.

On January 4, 2019, an Administrative Law Judge ("ALJ") issued a decision finding plaintiff disabled since March 10, 2014 and approving plaintiff's claims for Social Security Disability ("SSD") and Supplemental Security Income ("SSI") benefits. *See* Notice of Decision [20-3]. On January 15, 2019, plaintiff's attorney filed a motion to extend his time to file a motion for attorney fees pursuant to 42 U.S.C. §406(b) up to 90 days following his receipt of all notices of award from the Social Security Administration ("SSA"). [17-1]. The court granted his motion on January 15, 2019. [18]. The fee arrangement between plaintiff and his attorney is governed by their May 8, 2015 Petition Agreement: Social Security Benefit Entitlement Case ("Petition Agreement"). [20-2]. Pursuant to the Petition Agreement, upon achieving a successful outcome for plaintiff, plaintiff's attorney may request a fee "in the amount of 25% of past-due benefits payable to the client". [20-2], p. 1.

The SSA issued a Notice of Award concerning plaintiff's claim for SSI on February 28, 2019. [20-5]. Thereafter, the SSA issued a Notice of Change in Benefits concerning plaintiff's claim for SSD on October 2, 2019 [20-6] and January 21, 2020 [20-7], but has not issued a Notice of Award concerning plaintiff's SSD benefits. Affidavit of William C. Bernhardi, sworn to February 28, 2020 ("First Attorney Aff.") [20-1], pp. 3-4. On February 6, 2020, plaintiff's attorney received the October 2, 2019 notice concerning SSD benefits, and correspondence from the SSA concerning a further change in plaintiff's past due SSI benefits. Id., p. 4. Nonetheless, plaintiff's attorney was able to calculate the fee owed to him based upon the information in the Notices of Change in Benefits and the correspondence from the SSA. *See* id.; Affidavit of William C. Bernhardi, sworn to April 16, 2020 ("Second Attorney Aff.") [24-1],

pp. 2-4. The SSA withheld from the past-due benefits owed to plaintiff potential attorneys' fees in the total amount of $12,762.76. First Attorney Aff. [20-1], p. 4. After consultation with the Commissioner's attorney, plaintiff's attorney requests an award of attorney fees in the amount of $11,292.79. *See* Second Attorney Aff. [24-1], pp. 2-3. He agrees, upon receipt of payment of the fee, to refund to plaintiff the $5,473.01 he received in fees pursuant to the EAJA. First Attorney Aff. [20-1], p. 5; *see also* United States Treasury Check [20-12].

The Commissioner agrees that plaintiff's motion, filed on March 3, 2020 (*i.e.* within 90 days of the most recent February 6, 2020 notice of a change in plaintiff's benefits) is timely. Defendant's Response [25], p. 4. Further, the Commissioner does not object to the amount of the fees requested. *See* [25], pp. 4-6.

## ANALYSIS

42 U.S.C. §406(b) limits the fees that attorneys are permitted to charge SSD and SSI claimants:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C.§406(b)(1)(A). In reviewing a motion for attorneys' fees pursuant to §406(b), this court reviews both the timeliness of the motion and the reasonableness of the fee. *See, e.g.*, Barone v. Saul, 2019 WL 3296616 (W.D.N.Y. 2019); Walkowiak v. Commissioner of Social

- 3 -

Security, 2019 WL 6242549 (W.D.N.Y. 2019); Dillon v. Saul, 2020 WL 360966 (W.D.N.Y. 2020); Plum v. Commissioner of Social Security, 2020 WL 1846785 (W.D.N.Y. 2020).  I address each here in turn.

**A.     Did Plaintiff Timely File His Motion for Fees?**

The Second Circuit settled the question of the timeliness of an application for §406(b) fees in Sinkler v. Berryhill, 932 F.3d 83 (2d Cir. 2019).  There, the Second Circuit found that the 14-day limitations period of Rule 54(d)(2)(B) applies to such motions, but is subject to equitable tolling "until a benefits calculation is made on remand and notice thereof received by the parties."  Id. at 89. Accordingly, motions for benefits made within 14 days of receipt of a Notice of Award for benefits are timely.  However, the Sinkler Court also acknowledged that the 14-day limitations period is not absolute:

> In holding Rule 54 applicable in these circumstances, we are mindful that its fourteen-day limitations period is not absolute. The rule expressly states that the specified period applies "[u]nless a statue or a court order provides otherwise." Fed. R. Civ. P. 54(d)(2)(B).  Thus, district courts are empowered to enlarge that filing period where circumstances warrant.

Id. at 89.

Here, prior to the Court's August 2, 2019 decision in Sinkler, that is precisely what this court did. On January 15, 2019, this court granted plaintiff's motion to extend his time to file an award for fees and entered an order that plaintiff's motion would be "due 90 days from receipt of all Social Security Administration Notices of Award." [18].  Thereafter, on February 28, 2019,  the SSA issued a Notice of Award for SSI benefits ([20-5]), but has not yet issued a Notice of Award for plaintiff's SSD benefits.  First Attorney Aff. [20-1], pp. 3-4.  Plaintiff's attorney filed his motion on March 3, 2020.  As plaintiff's time to file the motion has not yet

- 4 -

begun to run pursuant to this court's January 15, 2019 order, plaintiff timely filed his motion pursuant to both Sinkler and this court's order.

**B.     Is Plaintiff's Fee Request Reasonable?**

Here, the Petition Agreement between plaintiff and his attorney provides for an attorneys' fee "in the amount of 25% of past-due benefits payable to the client", but only if "the Client receives benefits or otherwise obtains a successful outcome" in this matter.  Petition Agreement [20-2].  The 25 percent fee is within the cap provided by §406(b).  Further, the Commissioner does not object to the amount of fees that plaintiff requests, as adjusted in the amended motion.  *See* Defendant's Response [25], pp. 4-6.

That is not the end of the inquiry, however.  Section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. . . . Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).  To determine the reasonableness of a contingent fee, the Supreme Court identified several factors that a court may consider.  First, courts may consider "the character of the representation and the results the representative achieved."  Id.  Second, a downward adjustment of the requested fee may be appropriate if the attorney was responsible for a delay that resulted in an accumulation of additional benefits during pendency of the case.  Id. Third, the court's review of an attorneys' records of time spent on the matter may  assist the court to determine whether the requested fee is a windfall to the attorney.  Id.  In addition, the Second Circuit states that courts in this district should also consider "whether there has been

fraud or overreaching in making the agreement". Wells v. Sullivan, 907 F.2d 367, 372 (2d Cir. 1990).

Here, plaintiff received competent and experienced representation. Plaintiff's attorney has been practicing law since 1986, and focusing on social security matters since 1988. First Attorney Aff. [20-1], p. 4. His work history prior to becoming an attorney includes work for the state of New York as a social security disability analyst and for the SSA. Id. Counsel's work on this matter yielded an award of past due benefits of $45,171.12. *See* id. and Second Attorney Aff. [24-1], p. 2.[3]

Second, there was no delay in resolution of this matter attributable to plaintiff's attorney. He acted promptly to request an extension of time to file a motion for attorneys' fees prior to the SSA's issuance of any Notice of Award. [17]. Plaintiff's attorney filed this motion for fees at the earliest possible opportunity after receiving information from the SSA concerning the fees withheld, notwithstanding that the SSA has not yet issued a Notice of Award for SSD benefits. First Attorney Aff. [20-1], pp. 3-4. Further, plaintiff's attorney submitted information demonstrating that his office contacted the SSA after receiving a notice of change of plaintiff's past due SSD benefits and requested that the SSA issue a Notice of Award for SSD. Id. Defendant disputes neither the facts as recited by plaintiff's attorney, nor the timeliness of his motion. Defendant's Response [25], p. 4.

Third, compared to the number of hours spent working on this matter, the fee requested by plaintiff's attorney is not a windfall. Time records submitted with the motion indicate a total of 27.9 hours of attorney time was spent on plaintiff's matter. First Attorney Aff.

---

[3] Based upon the various notices of change in benefits, plaintiff's attorney calculated plaintiff's past due SSD benefits as $43,632.50 ([20-1], p. 4) and his past due SSI benefits as $1,538.62 (24-1, p. 2). $43,632.50 + $1,538.62 = $45,171.12.

[20-1], pp. 2, 5. The total fee requested results in an effective hourly rate of $404.76.[4] This hourly rate is higher than the $300 hourly rate plaintiff's attorney charges for non-contingent matters. Id., p. 5. However, this does not make the requested fee unreasonable. "[E]nhancements for the risk of nonpayment are appropriate considerations in determining §406(b) fees. . . . In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." Wells, 907 F.2d at 370-71.

Moreover, the effective hourly rate here is well within the range of *de facto* hourly rates resulting from similar social security contingent fee requests recently approved by courts in this district. See e.g. Dillon, 2020 WL 360966 at *3 (finding a *de facto* hourly rate of $697.20 "does not appear so large as to be a windfall to the attorney"); Plum, 2020 WL 1846785 at *5 (limiting counsel's fee to an effective hourly rate of $750 per hour to reasonably compensate the attorney and avoid a windfall); Perry v. Commissioner of Social Security, 2020 WL 360979, *5 (W.D.N.Y. 2020) (finding reasonable an effective hourly rate of $740.02).

Lastly, there is no evidence of fraud or overreaching. To the contrary, plaintiff's attorney revised *downward* his fee request based upon communication from defendant's attorney suggesting his original calculation was incorrect. Second Attorney Aff. [24-1], pp. 2-3. In addition, plaintiff's attorney stated that upon receipt of payment of fees authorized by this court, he will return to plaintiff the lesser of the amount of the EAJA check he received ($5,473.01) or the amount of the §406(b) fee. First Attorney Aff. [20-1], p. 5.

---

[4] The effective hourly rate was calculated by dividing the requested fee ($11,292.79) ([24-1], p. 2) by the total number of hours (27.9) documented in plaintiff's fee application ([20-1], p. 5).

**CONCLUSION**

For these reasons, I recommend that the court grant plaintiff's amended motion and award plaintiff's attorneys' fees in the amount of $11,292.79 pursuant to 42 U.S.C. §406(b). I further recommend that the court direct plaintiff's attorney to return to plaintiff the $5,473.01 EAJA fee within 14 days of his receipt of the §406(b) fee.

Unless otherwise ordered by Judge Vilardo, any objections to this Report and Recommendation must be filed with the clerk of this court by July 24, 2020. Any requests for extension of this deadline must be made to Judge Vilardo. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: July 10, 2020

                                                      /s/ Jeremiah J. McCarthy
                                                  JEREMIAH J. MCCARTHY
                                                  United States Magistrate Judge